Mr. Chief Justice Shareey
delivered the opinion of the court.
John P. Niel by his will gave to his brother Malcolm M’Niel, three-eighths of all his estate, and also gave several pecuniary legacies with one specific legacy, and the balance of his effects, of every description, to be divided equally among his nephews and nieces. *543 No provision was made for the payment of debts, and Malcolm M’Niel claims his three-eighths of the entire estate at the time of his death, and insists that the debts are properly chargeable on the balance, and not on his part.
It is a settled rule in the construction of wills, that the intention of the testator must be carried into effect, if it can be done consistently with the laws of the land, and the intention is to be gathered from the whole will. By the laws of this state, all the property of a deceased person is liable for the payment of his debts. First, the personal property, and in case that be insufficient, then the real estate. The debts constitute a lien by operation of law, and although a testator may designate a particular property or fund for the payment of his debts, yet he cannot remove that general liability which the law fixes on all his property in case the particular fund be insufficient. Nothing is, therefore, disposable estate, unless it be over and above the amount required for the payment of debts.
In the absence of any express provision, or the designation of any particular fund for the payment of debts, I think it is a fair presumption, that tbe testator made the bequest in view of the general liability fixed by law, and that he intended to give the respective legacies out of the residue of his estate, after the demands of the law should be satisfied. It would be different as regarded specific legacies, but the three-eighths of his estate devised to Malcolm M’Niel, was not a specific legacy. • The term “ three-eighths of my estate,” used by the testator, it is insisted must be understood to include such a portion of all that the testator possessed at the time of his death; but I apprehend the word “ all” was used to designate the kinds of estate being real and personal, rather than the quantity previous to the payment of debts. This is the more probable, as the testator used the term “ estate” only without the appropriate words to designate the kinds of estate held by him. If he is entitled to three-eighths of the whole of the property, exclusive of the debts for which it was liable, he was entitled to have his portion set apart in kind, out of each particular species of property. Such a construction is opposed by two difficulties. First, the éxecutor is bound to *544 pay the debts out of the personal property not specifically devised. Suppose, after taking out the three-eighths of the personal property, the balance should be insufficient to pay the debts. The real estate could not be sold for that purpose, without an order from the court, to obtain which, the executor must show that the personal property, not specifically bequeathed, had been exhausted or would be insufficient. In this case, he could make no such showing, because the portion of Malcolm M’Niel is not a specific legacy. Again, the executor is not, by our law, compelled to make a division or distribution, until after the expiration of twelve months from the grant of his letters, during which time he had a right to hold the property, and use it in discharge of the debts. This power and duty seems to be inconsistent with the claim of Malcolm M’Niel. If he was entitled to his portion of the whole property, which was owned by the testator at the time of his death, he was, of course, entitled to a division, because the particular property, to which he was entitled, was not specified in the will. The first duty of the executor Avould have been to divide the estate, for the purpose of ascertaining what particular property was exempt from liability, unless the residue, after division, should be insufficient. There is no rule of law which will exonerate personal property, by appropriating real property for the payment of debts, unless it be done to protect specific legacies, and such a result might be produced by the construction contended for, by the counsel for the appellee.' And although the personal property in the present case, even after deducting the amount claimed, may have been entirely sufficient to pay all the debts, yet the rules of law must be general in their operation, and it cannot be a sound rule of construction which must be varied by the circumstances of each particular case. Suppose, that after deducting the three-eighths, all the balance of the estate would have been required to pay the debts, would it not be unreasonable that the three-eighths should be exonerated by exhausting all the other legacies equally specific in their character? That the estate was sufficient to protect all the legacies in the present instance, cannot alter the case. If the claim of Malcolm M’Niel *545 be just, it must be supported by some principle of preference, which would have applied with equal force under different circumstances.
I think this question can be readily determined by an application of the rules for marshalling assets. The order adopted is, first, personal property; secondly, lands descended, and thirdly, lands devised. 3 Johns. Chan. Rep. 319. 153. This rule is entirely consistent with our statute law, and in applying it, we have only to examine the provisions in the will, and the facts set out in the petition. In the first place, there is no descended property, the whole estate being disposed of by the will. Regarding the whole estate as devised, it must be liable in the order which the law has prescribed; first, the personal property, and secondly, the lands, unless a different order of liability is produced by the character of the legacies. There is one specific bequest, which of course is entitled to exoneration, but as regards the others, they all stand upon the same ground, and must be liable to an equal abatement. This is • the necessary result produced by the absence of a specific character. Legacies are only regarded as specific 1. When a particular chattel is specifically described, so as to be distinguishable from all others; and 2. Something of a particular species. S Dessauss. 50. The three-eighths devised to Malcolm M’Niel, is so much of the estate, and there is nothing to render it specific; no distinguishing characteristic, by which it could be separated from the remainder of the estate; and being'thus an undivided,'unknown portion, there can be no just ground for exhausting first, the shares of the residuary legatees, as the petitioner’s counsel has urged. The residuary clause in the will, is to be construed as disposing of all property not previously disposed of by the testator, and not the residue after debts paid; 2 "Johns. Chan. Rep. 624; and in this light, places the residuary legatees on equal grounds with Malcolm M’Niel. As nothing is said in the petition, about the appropriation of the real estate, it is to be presumed that it remains uninterrupted, and that the executors have paid the debts out of the personal property. Malcolm M’Niel is, of course, entitled to his three-eighths of the real estate set apart, when he shall make *546 proper application for that purpose. His portion of the personal property seems to be more particularly the object of the petition, and he is only entitled to his three-eighths of what remains after the payment of the debts.
The judgment of the probate court must be reversed, and the cause remanded.